McGREGOR W. SCOTT
United States Attorney
MATTHEW C. STEGMAN
Assistant U.S. Attorney
JOHN S. GATSCHET
Certified Law Student
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2805

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>      v.<br><br>DANIEL ALAN CROWSER,<br><br>            Defendant.<br>_____ | Cr. No. S-06-018 GGH<br><br>GOVERNMENT'S MOTION TO DISMISS<br>WITHOUT PREJUDICE AND ORDER<br><br><br>DATE: April 10, 2006<br>TIME: 9:00 a.m.<br>JUDGE: Hon. Gregory G. Hollows |

## I. **Introduction**

Pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure, plaintiff United States of America, by and through its undersigned attorney, hereby moves this Honorable Court for an Order dismissing without prejudice criminal case number S-06-018 GGH. On January 19, 2006, the Government filed an Information alleging that the defendant violated California Vehicle Code Sections 21352(a) and 21352(b) with priors on November 1, 2005. The defendant, through undersigned counsel, rejected on February 22, 2006, an offer to dispose of this matter based in part on an alleged 12.3 defense - Public Authority. The Government began preparing for jury trial scheduled for April 17, 2006. On March 21, 2006, the Government learned that a number of

1

military police officers are deployed overseas that are integral to the Government's case.[1]  In particular, Tech Sgt. Nicholas Spina and Lt. Frank Bigelow are deployed overseas.

The Government case is built on the defendant's .24 and .25 EPAS (breath analyzer) to prove the Government's case against the defendant that he was intoxicated when he drove on Beale Air Force Base.  The Government learned that Tech Sgt. Nicholas Spina is currently deployed overseas for the next four months.  Tech Sgt. Spina administered the EPAS test to the defendant and kept all logs on the EPAS machine from October 14, 2005 to November 28, 2005.  The only witness to the administration of the EPAS test was Lt. Frank Bigelow.  Lt. Bigelow is deployed out of the country for the next year.  Due to the Officers being deployed overseas they are unavailable to testify on April 17, 2006 to the crucial piece of evidence implicating that the defendant was driving under the influence of alcohol on November 1, 2005.[2]  The

---

[1] The government is unable to give exact locations from the Department of Defense for the deployed officers because of security concerns.  However, the government is relying on the representations of Beale Air Force Base Detective James Cooper that the officers are deployed overseas and are unavailable to testify on April 17, 2006.

[2] Recently, the Office of the Federal Defender implied in arguments before Judge Mueller on the case of United States v. Stoddard, that the United States Attorney has the power to subpoena deployed military personnel from Iraq to testify in misdemeanor cases.  As Judge Mueller stated it is common practice of the Federal District Court for the Eastern District Court to grant Rule 48(a) dismissals without prejudice for witness unavailability based on overseas deployment.  Also, it is worth noting that the Department of Justice on misdemeanor cases has very little power to subpoena deployed military witnesses from

Government gave a new offer to dispose of this matter on March 22, 2006, based on the Officer's unavailability, but this offer was rejected on March 26, 2006.  The defendant wishes to proceed to trial and does not agree to the granting of a continuance of defendant's case to a later date.  Therefore, the Government now requests a Rule 48(a) dismissal without prejudice due to the Officer's unavailability.

## II. **Argument**

A Rule 48(a) motion to dismiss for unavailability of witnesses is a valid reason to grant the motion without prejudice. United States v. Palomares, 119 F.3d 556, 559 (7th Cir. 1997).  The Government plans to re-file the case against the defendant as soon as Officer Spina returns to the United States from overseas deployment.  The Rule 48(a) dismissal is appropriate so long as the defendant is clearly apprised of the Government's reasons for the dismissal without prejudice. United States v. Strayer, 846 F.2d 1262 (10th Cir. 1998).

This is not a case where the request for a dismissal without prejudice is prompted by considerations clearly contrary to the public interest or a motive for prosecutorial harassment of the defendant by charging, dismissing and recharging. *See* United States v. Wallace, 848 F.2d 1464, 1468 (9th Cir. 1988).  This is

---

the Department of Defense.  Due to the high cost in bringing overseas witnesses back to the United States and the military's interest in keeping soldiers deployed, the Department of Defense has rejected requests to return military officers from active duty to testify in past misdemeanor cases.  It is especially true that deployed military Officers are unavailable to testify with the United States conducting military operations around the globe.

3

simply a case where military officers are unavailable to testify and the Government's interest in the prosecution of defendant for driving under the influence outweigh's the defendant's interest in having the case proceed on April 17, 2006.

Also, there is no reason in this case for the Court to exercise its Rule 48(b) power to dismiss this case with prejudice because a Rule 48(a) dismissal may prejudice the defendant. The Ninth Circuit has specifically recognized that a district court must, "exercise this power with caution, and only after a forewarning to prosecutors of the consequences." United States v. Hattrup, 763 F.2d 376 (9th Cir. 1985). In Hattrup, the Ninth Circuit found that where the Government's main witness disappeared on the day of trial it was improper for the district court to use Rule 48(b) to dismiss the trial with prejudice. Id. At 378. Indeed, the court held that any delay caused to the defendant was necessary. Id.

### III. **Conclusion**

For the above reasons, the Government respectfully requests that the court order a Rule 48(a) motion for dismissal of the case without prejudice.

Dated: March 30, 2006

                                        McGREGOR SCOTT
                                        United States Attorney

                                        By:/s/Thomas E. Flynn for
                                              MATTHEW C. STEGMAN
                                              Assistant U.S. Attorney

IT IS SO ORDERED:

DATED: 4/7/06

/s/ Gregory G. Hollows
_____
Hon. Gregory G. Hollows
United States Magistrate Judge

crowser.ord